STATE OF NEW JERSEY, DEPARTMENT OF TRANSPORTA-
TION, AND NEW JERSEY TURNPIKE AUTHORITY,
PLAINTIFFS-APPELLANTS, v. THE PORT AUTHORITY
OF NEW YORK AND NEW JERSEY, DEFENDANT-RE-
SPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 18, 1978—Decided May 2, 1978.

Before Judges HALPERN, LARNER and KING.

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for plaintiffs-appellants (*Mr. William F. Hyland,* former Attorney General of New Jersey; *Mr. Robert N. Wilentz,* General Counsel; and *Mr. Paul G. Levy,* Assistant Attorney General, of counsel).

*Mr. Francis A. Mulhern,* attorney for defendant-respondent (*Mr. Patrick J. Falvey* of the New York Bar, of counsel).

PER CURIAM. This litigation arose with the filing of a complaint by the Department of Transportation of the State of New Jersey seeking a declaratory judgment to the effect that the Port Authority of New York and New Jersey is authorized to participate in the funding of the Route 81 project involving the construction of a new Turnpike interchange and a highway connection with roads in Elizabeth. Judge Osborne heard the matter on cross-motions for summary judgment and held in an opinion reported at 151 *N. J. Super.* 127 (Law Div. 1977), that the Port Authority does not have the power to participate financially in this construction project under the applicable statutes without bi-state approval by the Legislatures of New Jersey and New York. Accordingly, he denied plaintiffs' motion and entered summary judgment for defendant. Plaintiffs appeal.

After a careful review of the record and applicable law, we are firmly convinced that the judgment should be affirmed for the reasons expressed in Judge Osborne's reported opinion. In doing so, we merely wish to add a comment relating to the statutory provision contained in *N. J. S. A.* 32:1–35.20(3), enacted in 1971 as authorization

for mass transportation projects by the Port Authority. The statute reads:

> The States of New York and New Jersey hereby find and determine that:
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> (3) Additional highway construction to serve these great airports is not feasible and creates severe problems in terms of increased air pollution and the preemption of land which might otherwise be devoted to park purposes and other desirable uses * * *.

By the foregoing the Legislatures of both states have expressed the policy that the Port Authority concentrate on mass transit forms of access to airports rather than new highway construction as contemplated by the project under consideration herein. Such a policy expression strongly supports the conclusion that the proposed highway construction cannot be undertaken or funded by the Authority without the affirmative authorization of the respective Legislatures of both states.

Affirmed.